***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 9, affirmed July 6, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAYSON HARRISON BURTON,
*Defendant-Appellant.*

Washington County Circuit Court
18CR78018; A177214

D. Charles Bailey, Jr., Judge.

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals his conviction after a jury trial of sexual abuse in the second degree, ORS 163.425,[1] assigning error to the trial court's sustaining of the prosecutor's objection, during defense counsel's closing argument, to defense counsel's statement that there was no evidence that the police had interviewed defendant. Defendant further contends that the trial court improperly commented on the evidence in instructing the jurors that they were not to speculate whether defendant had or had not been interviewed. Defendant's argument relating to the court's instruction is not preserved, so we therefore do not consider it. We review the trial court's ruling relating to the sustaining of the prosecutor's objection for an abuse of discretion, *Cler v. Providence Health System-Oregon*, 349 Or 481, 487, 245 P3d 642 (2010), and conclude that the trial court did not abuse its discretion. We therefore affirm.

We summarize the procedural background and the evidence presented at trial. The charges arose from allegations that defendant had had intercourse with the victim, his girlfriend's 14-year-old daughter. The investigator, Detective Gay, interviewed the victim and the victim's mother. The detective also spoke with defendant by telephone, and in that conversation, defendant did not make any admission of guilt.

During his opening statement at trial, defense counsel stated that officers had "attempted to interview" defendant and that defendant had made no admissions.[2]

The trial court dismissed the jury briefly to consider defendant's motion to dismiss for lack of venue. Outside the presence of the jury, the court heard testimony from the detective. Defense counsel asked the detective, "Did you attempt to interview defendant?" The detective responded,

---

[1] Defendant was charged with, and the jury returned guilty verdicts on, both sexual abuse and third-degree rape, but the verdicts were merged into a single conviction for sexual abuse.

[2] Defense counsel stated:

"They attempted to interview [defendant] and what you're going to hear from law enforcement is that [defendant] made no admissions."

"Yes." Defense counsel then asked, "Did he admit to you that something happened in Hillsboro, Oregon?" The detective responded, "He didn't admit to anything, no." The court ultimately denied the motion to dismiss for lack of venue, and that ruling is not disputed on appeal.

Before the evidentiary portion of the trial and outside the presence of the jury, the prosecutor told the court that the state did not intend to ask the detective about her conversation with defendant and asked the court not to allow defendant to question the detective about his own hearsay statements. Defense counsel acknowledged that there would be no testimony about defendant's conversation with the detective. The court then deferred ruling on the state's request.

At trial, the victim and her mother testified that defendant had had sexual intercourse with the victim. The detective also testified and described her investigation of the case but made no mention of having interviewed defendant.

Defendant's theory at trial was that police had not adequately investigated the charges. During closing argument, defense counsel attacked the thoroughness of the police investigation, suggesting that there was no evidence that police had attempted to interview or investigate defendant:

> "What you also didn't hear was reports by law enforcement about their attempt to interview [defendant]. So, one of two things might have happened. Maybe he wasn't investigated. We don't know. We didn't hear any testimony about that."

The state objected, and the trial court sustained the objection, reasoning that the argument assumed facts not in evidence. Defense counsel tried a second time: "Did you hear any of the investigators say I spoke to [defendant]?" The prosecutor again objected.

The court and the lawyers discussed the state's objection outside the presence of the jury. The prosecutor contended that defendant's argument suggested incorrectly that there had been no interview of defendant when, in fact,

there had been. The prosecutor asserted that defense counsel was

> "arguing things to the jury that were kept out, that are not in evidence. That there is, in fact, conversations with [defendant] that were specifically not presented to the jury that they—that exist and he's arguing things do not exist or that—suggesting things that are, in fact, true or could be true and arguing things—facts that are not in evidence and I would ask that he stay as far away from that as possible."

The trial court agreed, explaining, "there's a difference between whether or not he was interviewed and whether or not they heard any testimony regarding any admissions." The court noted that defense counsel had not asked the detectives any questions about whether they had spoken with defendant, and that "we do know he's been interviewed." The court ruled that defense counsel should not ask the jury to speculate about whether any interviews had taken place. But the court agreed that defendant could tell the jury that "none of the officers had testified to any admissions made by his client."

Defense counsel then resumed closing argument, stating, "You didn't hear from the law enforcement witnesses that they had interviewed [defendant]. You just didn't hear that." The prosecutor again objected, and the trial court again sustained the objection. The court then instructed the jury:

> "Ladies and gentlemen, I don't want you guys speculating about whether there were, or [were] not, any interviews. Certainly, it was not raised. And it's not important for you guys to know if there was or was not any interviews done of the defendant in this particular case.
>
> "In regarding the argument, it's only argument and so that's all there are. They're not facts to be presented to you all. But I don't want you guys speculating whether there were or were not any interviews done by the defendant."

Defense counsel did not object to the court's instruction and resumed closing argument, making no further reference to the lack of evidence of any admissions made by defendant.

On appeal, defendant asserts in his first assignment that the trial court abused its discretion in sustaining the prosecutor's objection to defense counsel's suggestion that defendant had not been interviewed by police. Defendant notes that an attorney has a "large degree of freedom" in closing arguments, *see Cler*, 349 Or at 487-88 (so stating), and contends that he was entitled to point out gaps in the state's case by highlighting evidence that ordinarily would have come in at trial.

The state responds that the trial court correctly exercised its discretion in sustaining the prosecutor's objection to defense counsel's suggestion to the jury that it speculate that police had not interviewed defendant. We conclude that the trial court acted within its discretion when it prohibited counsel from suggesting that the detective had not interviewed defendant at all. The court correctly determined that the argument was misleading, because it asked the jury to speculate that police had failed to contact defendant, when counsel knew that police had, in fact, interviewed defendant. Contrary to defendant's argument, defense counsel is not entitled to invite the jury to draw an inference that defense counsel knows to be false. *See State v. Blueford*, 312 F3d 962, 968 (9th Cir 2002) ("It is certainly within the bounds of fair advocacy for a prosecutor, like any lawyer, to ask the jury to draw inferences from the evidence that the prosecutor believes in good faith might be true. But it is decidedly improper for the government to propound inferences that it knows to be false, or has very strong reason to doubt[.]"). The trial court acted within the bounds of its discretion when it controlled the scope of defendant's closing argument to prevent him from misleading the jury.

Affirmed.